KING, C.J.,
Dissenting.
¶ 21. I dissent from the majority opinion herein.
¶ 22. On June 26, 2006, the Community Bank of Mississippi filed a “Complaint In Replevin” against Mike Stuckey and his wife, Donna Stuckey. The complaint alleged that Mike had executed promissory notes and security agreements associated with loan numbers 6870740, 6819303, 6933785, 6842712, 6789412, and 6858317. The complaint alleged that Donna had executed a promissory note and security agreement associated with loan 6803148. The following were identified as security for loan number 6803148: a “Massey Ferguson 383 Tractor S/N E0-2047, with Massey Ferguson 236 front-End Loader S/N 116798; [a]ll cattle, and the increase thereof, branded or unbranded. Such cattle, if owned and subsequently acquired, may be branded or unbranded, and the increase and products there of are expressly covered.”
¶ 23. Donna responded to the complaint of Community Bank and filed a counterclaim wherein she alleged that she did not sign any of the documents associated with loan number 6803148, and that her signature had been forged by Community Bank and its agent Raymond McAlpin on those documents, as well as on the documents associated with loan numbers 6858317 and 6782779. Donna also alleged that Community Bank removed funds from her bank account to pay on these forged loans.
*6 ¶ 24. Community Bank responded to the counterclaim, it stated that Donna had agreed to arbitrate all disputes with Community Bank and asked the trial court to force mandatory arbitration pursuant to the FAA.
¶25. In denying arbitration, the trial judge stated:
1. That there does not exist convincing evidence that [Donna] executed any of the subject arbitration agreements;
2. That the business enterprise entered into by [McAlpin] and [Mike] was for cattle in which [Donna] had no interest, and she is not, therefore, a third-party beneficiary of said enterprise; and that the claims stated in [Donna’s] counterclaim are outside the scope of the arbitration agreement ([s ]ee Rogers-Dabbs Chevrolet-Hummer, Inc v. Blakeney, (S.Ct.Mis.2005-IA-00125-SCT, Feb. 22, 2007)).
I believe that holding to be incorrect.
¶ 26. This case involves a significant number of promissory notes, deeds of trust, and arbitration agreements. Donna alleges that she signed only one deed of trust and one arbitration agreement. Donna argues that her signature was forged on all of the other deeds of trust and arbitration agreements. In reversing the judgment of the trial court, the majority holds that it is unnecessary to determine whether Donna’s signature was forged on all or any of the loan documents. Instead, the majority holds that Donna was a third-party beneficiary of all of the loans; therefore, it finds that Donna should be compelled to arbitrate.
¶ 27. To the extent that the issues which are the focus of the case flow from that deed of trust and arbitration agreement that Donna signed, she may be compelled to arbitrate. To the extent that the issues in this case flow from the deeds of trust and arbitration agreements to which Donna is not a party, she may not be compelled to arbitrate, unless it is shown that the transactions were lawful as they relate to her, and that she was in fact a beneficiary of the documents that she did not sign. The burden of proving the transactions to be lawful as they relate to Donna and proving that Donna is a third-party beneficiary rested upon Community Bank. I am not satisfied that Community Bank has met its burden.
¶ 28. Indeed, reading the majority opinion, I do not see any real evidence discussed that establishes that Donna was in fact a third-party beneficiary and, therefore, subject to mandatory arbitration. The majority simply determines that as an one-half owner of Stuckey Farms, Donna automatically received the benefit of all of the loans and was of necessity a third-party beneficiary. While both the majority and Community Bank make this assertion, there is no hard evidence to support this finding. Without more, I believe that the proof is fatally flawed.
¶ 29. But there is another aspect of the majority holding which is a matter of significant concern to me. The FAA was intended to aid in the resolution of disputes arising out of lawful transactions. I am unaware of anything that even remotely suggests the FAA has any application to an unlawful transaction. A transaction which is predicated upon a forged signature is by definition an unlawful transaction. A forged signature is one done without the person’s consent and without authority. There is nothing in the record before this Court to infer or establish that McAlpin, or any other employee of Community Bank, was authorized to affix Donna’s name to any contract. Nor does the record contain any evidence to establish or even infer that Mike was authorized to affix Donna’s name to any contract. It appears that Community Bank now seeks *7 to absolve itself of any responsibility for the actions of its employees in participation in an unlawful act, the forgery of Donna’s signature, by claiming her to be a third-party beneficiary to the document. An unlawful transaction may not be made lawful and legitimized by calling the person whose signature was forged a third-party beneficiary. While I am unaware of any cases where a party whose signature was forged has been compelled to arbitrate, at a bare minimum, I believe that legitimization of such an unlawful transaction would require an affirmative validation of the act by the victim. The majority does not suggest validation of the unlawful transaction by Donna, nor have I seen anything in the record that would seem to establish validation of the unlawful act by Donna.
¶ 30. For these reasons, I dissent and would affirm the judgment of the trial court.
BARNES, J., JOINS THIS OPINION.